UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THE BEAR'S CLUB DEVELOPMENT CO.,
THE BEAR'S CLUB BUILDERS LLC;
BEAR'S CLUB MANAGEMENT CORP.;
CLARENDON PROPERTIES GROUP, INC;
THE BEAR'S CLUB FOUNDING PARTNERS, LTD;
IVAN CHARLES FREDERICKSON;
IRA FENTON; and
ROBERT B. WHITLEY

    Defendants.
_____/

## COMPLAINT

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Secretary of the United States Department of the Army, acting through the United States Army Corps of Engineers ("Corps"), alleges as follows:

NATURE OF THE ACTION

1.    This is a civil action commenced under section 404(s) of the Clean Water Act ("CWA"), 33 U.S.C. § 1344(s), to obtain injunctive relief and civil penalties against The Bear's Club Development Co.; The Bear's Club Builders, LLC; Bear's Club Management Corp.; Clarendon Properties Group, Inc.; The Bear's Club Founding Partners, LTD; Ivan Charles Frederickson; Ira Fenton; and Robert B. Whitley (collectively, the "Defendants") for causing

conditions or limitations of Department of the Army Permit Number SAJ-1998-03497 (IP-TA) to be violated.

2. In this action, the United States seeks to obtain: (a) declaratory relief that the Defendants violated, and continue to violate, the CWA; (b) injunctive relief permanently prohibiting the Defendants from further unlawful discharges of pollutants; (c) injunctive relief compelling the Defendants to perform all outstanding conditions or limitations of Department of the Army Permit Number SAJ-1998-03497 (IP-TA); (d) injunctive relief directing the Defendants to mitigate the damages caused by their violations of the CWA; and (e) civil penalties in favor of the United States and against the Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to section 404(s) of the CWA, 33 U.S.C. § 1344(s), and 28 U.S.C. §§ 1331, 1345, 1355, and 2201.

4. Venue is proper in the Southern District of Florida pursuant to 404(s) of the CWA, 33 U.S.C. § 1344(s), and 28 U.S.C. § 1391(b) and (c), because the Defendants conduct business in this District, and the causes of action alleged in this Complaint arose in this District.

5. The United States provided notice of the commencement of this action to the State of Florida.

## PARTIES

6. Plaintiff is the United States of America, and authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366, and in the Secretary of the United States Department of the Army pursuant to 33 U.S.C. § 1344(s).

7. Defendant, The Bear's Club Development Co., also known as The Bear's Club

Development Co., Inc, also known as The Bear's Club Development Inc., also known as The Bear's Club Development Company, also known as The Bear's Club Development Corporation, holds itself out to be a Florida General Partnership and is the sole managing partner of Bear's Club Builders, LLC.  The Bear's Club Development Co. has a business address of 11601 Kew Gardens Avenue, Suite 101, Palm Beach Gardens, Florida 33410.

8. Defendant, Bear's Club Builders, LLC, is a Florida Limited Liability Company organized under the laws of Florida with a business address of 11601 Kew Gardens Avenue, Suite 101, Palm Beach Gardens, Florida 33410.

9. Defendant, The Bear's Club Founding Partners, LTD, is a Florida Limited Partnership organized under the laws of Florida with a business address of 11601 Kew Gardens Avenue, Suite 101, Palm Beach Gardens, Florida 33410.  The Bear's Club Founding Partners, LTD operates a membership sports and recreation club, specialized as a golf club.

10. Defendant, Bear's Club Management Corp., is a Florida Profit Corporation organized under the laws of Florida and is the sole managing partner of The Bear's Club Founding Partners, LTD.  Bear's Club Management Corp. has a business address of 11601 Kew Gardens Avenue, Suite 101, Palm Beach Gardens, Florida 33410.

11. Defendant, Clarendon Properties Group, Inc., formerly known as Whitley Development Group, Inc., is a Florida Profit Corporation organized under the laws of Florida and a general partner of The Bear's Club Development Co.  Clarendon Properties Group, Inc. has a business address of 11601 Kew Gardens Avenue, Suite 101, Palm Beach Gardens, Florida 33410.

12. Defendant, Ivan Charles Frederickson, also known as Tucker Frederickson, is the

Senior Vice President of Clarendon Properties Group, Inc.

13. Defendant, Ira Fenton, is a partner and Vice President of The Bear's Club Development Co. and a Vice President of The Bear's Club Management Corp.

14. Defendant, Robert B. Whitley, is the president of Clarendon Properties Group, Inc.

15. At all times relevant to the Complaint, one or more of the Defendants either owned, leased or otherwise controlled the real property that is the subject of this Complaint and/or otherwise controlled the activities that occurred on such property.

## STATUTORY BACKGROUND

16. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

17. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

18. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

19. CWA section 404(s), 33 U.S.C. § 1344(s), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person in violation of any condition or limitation set forth in a permit issued by the Secretary of the Army under CWA section 404, 33 U.S.C. § 1344.

20. CWA section 404(s), 33 U.S.C. § 1344(s), also authorizes the commencement of an action for civil penalties against any person who violates any condition or limitation in a permit issued by the Secretary of the Army under CWA section 404, 33 U.S.C. § 1344.

## ALLEGATIONS APPLICABLE TO COUNT ONE

21. In 1998, Hartsel Ranch Corp., owned or controlled real property located north of Donald Ross Road and east of Old Dixie Highway (Alternate A1A), in Section 19, Township 41 south, Range 43 east, Jupiter, Palm Beach County, Florida.

22. The property spanned approximately 369.2 acres in size.[1]

23. The Site contains, or did contain at all times relevant to this Complaint, wetlands.

24. Wetlands on the Site constitute, or did constitute at all times relevant to this Complaint, "waters of the United States" and "navigable waters" under section 502(7) of the CWA, 33 U.S.C. § 1362(7).

---

[1] For the remainder of this Complaint, the property will be referred to as the "Site."

25. In 1998, The Bear's Club Development Co., Inc., applied to the Corps for a permit under section 404 of the CWA, 33 U.S.C. § 1344.

26. Robert Whitley, President of Clarendon Properties Group, Inc., a partner of The Bear's Club Development Co., signed the permit application.

27. In 1999, after notice and opportunity for public comment, the Corps proffered a permit.

28. On or about January 20, 1999, Ivan Frederickson, Senior Vice President of Clarendon Properties Group, Inc., a partner of The Bear's Club Development Co. signed the proffered permit for The Bear's Club Development, Inc.

29. On or about January 20, 1999, the Corps countersigned the proffered permit.

30. On or about January 20, 1999, the Corps issued Department of the Army Permit Number SAJ-1998-03497 (IP-TA).

31. A true and correct copy of Department of the Army Permit Number SAJ-1998-03497 (IP-TA) is attached to this Complaint as Exhibit 1 and is incorporated herein by reference.[2/]

32. The Permit listed "The Bear's Club Development, Inc." as the permittee.

33. The Permit stated: "The term 'you' and its derivatives, as used in this permit, means the permittee or any future transferree."

34. The Permit stated: "You are authorized to perform work in accordance with the terms and conditions specified [by the Permit]."

---

[2/] For the remainder of this Complaint, Department of the Army Permit Number SAJ-1998-03497 (IP-TA) will be referred to as the "Permit."

35. The purpose of the work authorized by the Permit was to construct a residential golf development now known as "The Bear's Club."

36. The Permit stated that the project was "to place 60,000 cubic yards of fill over 15.11 acres and to excavate 14,000 cubic yards of material from 1.07 acres of waters of the United States."

37. Special Condition 8 of the Permit stated: "The Department of the Army permit acknowledges that the mitigation sites as shown on sheet 10 of 13 will be placed under a conservation easement. Within 60 days of the date of this permit the permittee will provide the Stuart Regulatory Office with a copy of the draft document to be reviewed by Counsel. The permittee will ensure that the area to be preserved will not be disturbed by any dredging, filling, land clearing, agricultural activities, or any other construction work whatsoever except for that which is necessary to complete the mitigation. Upon completion of the mitigation sites and at the cessation of the five-year monitoring period, the preserved areas shall not be disturbed by any of the above activities except for the removal of exotic vegetation which shall be performed in perpetuity. The permittee agrees that the only future utilization of the subject preserved areas will be as a purely natural area. A copy of the recorded conservation easement should be submitted to the Stuart Regulatory Office within 30 days of its recording."

38. The "sheet 10 of 13" referenced in Paragraph 37 of this Complaint was attached to and made part of the Permit as "DRAWING PAGE 10 OF 13."[3/]

39. Permit Drawing Page 10 of 13 depicts wetlands identified as numbers 14, 14A,

---

[3/] For the remainder of this Complaint, the "sheet 10 of 13" and "DRAWING PAGE 10 OF 13" will be referred to as "Permit Drawing Page 10 of 13."

and 17 to be protected under the conservation easement required by special condition 8 of the Permit.

40. Beginning on or about January 20, 1999 the Defendants or persons acting on their behalf discharged dredged or fill material from a discernible, defined, and discrete conveyance into 15.11 or greater acres of wetlands at the Site.

41. In 1999 The Bear's Club Development Co. requested that the Corps modify the Permit to authorize the discharge of fill material into an additional 0.97 acres of wetlands, including parts of wetlands 14A and 17.

42. The purpose of the 1999 permit modification request was "to increase the size of the residential lots, upland buffer, to realign a road and driveway, and to meet project stormwater retention requirements."

43. On April 19, 2001 the conservation easement required by special condition 8 of the Permit was granted by The Bear's Club Founding Partners, Ltd. to the Northern Palm Beach County Improvement District.

44. On November 14, 2001, the Corps granted the 1999 request by The Bear's Club Development Co. to modify the Permit.

45. Beginning on or about November 14, 2001 the Defendants or persons acting on their behalf discharged dredged or fill material from a discernible, defined, and discrete conveyance into 0.97 or greater acres of wetlands at the Site.

46. On June 3, 2002, The Bear's Club Development Co. requested that the Corps modify the Permit to authorize the discharge of fill material into an additional 1.96 acres of jurisdictional wetlands.

47. The Bear's Club Development Co.'s purpose for the 2002 permit modification request was "to construct a par three golf course."

48. On September 27, 2002, the Corps granted the 2002 request by The Bear's Club Development Co. to modify the Permit.

49. Beginning on or about September 27, 2002, the Defendants or persons acting on their behalf discharged dredged or fill material from a discernible, defined, and discrete conveyance into 1.96 or greater acres of wetlands at the Site.

50. On July 1, 2009, The Bear's Club Development Co. submitted an application for a third modification of the Permit to authorize additional discharges of fill material into wetlands 14, 14A, and 17.

51. The Bear's Club Development Co.'s stated purposes for the 2009 permit modification request were (1) to improve golf on the Club's 15th hole by discharging fill material into wetland 14A and moving the tee box adjacent to wetland 14 by discharging fill material into wetland 14, and (2) to accommodate the development of five residential lots by discharging fill into wetland 17.

52. It is believed that The Bear's Club Development Co. had an economic motive for seeking modification of the permit in 2009, to allow for the discharge fill material into wetlands 14 and 14A.

53. The initiation fee for a golf membership in The Bear's Club is believed to be $90,000.00 and the annual dues for the golf membership for The Bear's Club are believed to be $25,000.  The Club is believed to have 270 members.

54. On September 2, 2009, the Jacksonville District of Corps responded to the 2009

modification request and stated: "By action of this letter your request will be withdrawn."

55. On September 23, 2009, The Bear's Club Development Company sent a letter to the Chief of the Regulatory Division of the Jacksonville District of the Corps requesting that the Corps reconsider its "unilateral withdrawal."

56. On October 23, 2009, the Chief of the Regulatory Division of the Jacksonville District of the Corps responded to The Bear's Club Development Co. clarifying that pursuant to 33 CFR 325.7(a) the District Engineer was exercising his discretion not to reevaluate the Permit.

57. On December 7, 2009, The Bear's Club Development Co. requested that the District Engineer of the Jacksonville District of the Corps reevaluate the Permit.

58. On January 20, 2010, the District Engineer of the Jacksonville District of the Corps reiterated to The Bear's Club Development Co. that he was exercising his discretion not to reevaluate the Permit and clarified his basis for not doing so.

59. On March 17, 2010, The Bear's Club Development Co., filed a Request for Appeal of the District Engineer's exercise of discretion not to reevaluate the Permit with the Division Engineer for the South Atlantic Division of the Corps.

60. On April 20, 2010, the Division Engineer for the South Atlantic Division of the Corps notified The Bear's Club Development Co. that the District Engineer's exercise of discretion not to reevaluate the Permit was not an appealable action.

61. In spite of the Corps' decision not to modify The Bear's Club Development Co.'s Permit, in or about October of 2010, one or more of the Defendants or persons acting on their behalf discharged dredged or fill material into wetlands 14 and 14A at the Site, for the purposes The Bear's Club Development Co. had identified in its September 2, 2009 permit modification

request.

62. One or more of the Defendants either owned, leased or otherwise controlled the property subject to the Permit and its conditions.

63. One or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the activities violating the Permit and its conditions.

64. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

65. On October 27, 2010, the Corps was notified by the South Florida Water Management District that dredged or fill material had been discharged into wetlands 14 and 14A.

66. On October 29, 2010, the Corps transmitted to The Bear's Club Development Co. a Notice of Noncompliance.

67. To date, the dredged or fill material that Defendants discharged into wetland 14A to improve golf on the Club's 15th hole remains in place.

68. To date, the dredged or fill material that Defendants discharged into wetland 14 to move the tee box adjacent to wetland 14 remains in place.

69. Each day that such material remains in place constitutes a separate violation of the Permit and CWA section 404(s), 33 U.S.C. § 1344(s).

70. To date, the parts of wetlands 14 and 14A into which Defendants discharged dredged or fill material remain protected by the conservation easement granted by The Bear's Club Founding Partners, Ltd. to the Northern Palm Beach County Improvement District.

71. To date, the parts of wetlands 14 and 14A into which Defendants discharged dredged or fill material are required by special condition 8 of the Permit to be utilized as purely

natural areas.

## COUNT ONE: VIOLATION OF CONDITION OR LIMITATION OF A PERMIT

72. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 72 of this Complaint.

73. Defendants have violated and continue to violate one or more conditions or limitations of the Permit.

74. The activities alleged in Paragraph 61 of this Complaint were not in compliance with section 404 of the CWA, 33 U.S.C. § 1344, because one or more conditions of the Permit were, and are not being, satisfied.

75. Defendants are liable for injunctive relief and civil penalties under section 404(s) of the CWA, 33 U.S.C. § 1344(s).

76. Unless enjoined, Defendants are likely to continue to violate the Permit and the CWA.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court order the following relief:

Declare that the Defendants violated, and are in violation of, the CWA at the Site;

Permanently enjoin the Defendants from discharging pollutants unless their activities are in compliance with the CWA;

Compel the Defendants to comply with all of the outstanding conditions or limitations of Department of the Army Permit Number SAJ-1998-03497 (IP-TA), including but not limited to

the conditions or limitations concerning the preservation of wetlands at the Site;

Direct the Defendants to undertake measures, at the Defendants' own expense and at the direction of the Corps, to mitigate the damages caused by their violations of the Permit and the CWA;

Assess the Defendants civil penalties pursuant to section 404(s) of the CWA, 33 U.S.C. §1344(s), for each day for each violation of the Permit and the CWA;

Award the United States costs and disbursements in this action; and grant the United States such other relief as the Court may deem just and proper.

Miami, Florida

October 20, 2015  Respectfully submitted,

WILFRED A. FERRER
UNITED STATES ATTORNEY

JOHN C. CRUDEN
ASSISTANT ATTORNEY GENERAL

By:  /s/ Carlos Raurell
Carlos Raurell
Assistant United States Attorney
Florida Bar No. 589293
99 N.E. 4th Street, Suite
Miami, Florida 33132
Carlos.Raurell@usdoj.gov
Tel. No. (305) 961-9243
Fax No. (305) 530-7139

Andrew J. Doyle, Trial Attorney
Florida Bar No. 84948
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611

        Washington, DC 20044
        (202) 514-4427 (p)
        (202) 514-8865 (f)
        andrew.doyle@usdoj.gov

Of Counsel:

John F. Kasbar
Deputy District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207

        Attorneys for the United States of America